(No. 2870—

ROBERT BISHOP, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 11, 1941.*

DOVE & DOVE, for claimant.

GEORGE F. BARRETT, Attorney General; GLENN A. TREVOR, Assistant Attorney General, for respondent.

MR. JUSTICE LINSCOTT delivered the opinion of the court:

The complaint in this case was filed on March 25, 1936, and alleges that claimant, on the 3rd day of June, 1935, was in the employ of the State of Illinois under the Department of Public Works and Buildings, Division of Highways, and was engaged in the gravelling of the Okaw Trail near Shelbyville, Shelby County, Illinois, the said Okaw Trail being one

of the State highways constructed by the said Department of Public Works and Buildings, Division of Highways, through the County of Shelby and runs in a northerly and southerly direction; that while he was working as a truck driver, hauling gravel on to this new improvement and while engaged in and about his duties he received an injury to his left foot, to wit: the bones in the great toe and the two adjoining toes on the left foot were crushed when the dump bed on said truck fell on to the great toe and the two adjoining toes on said foot.

It is admitted that the State had notice of the accident within a very short time; that one Clay Hoskins was in charge of this improvement and was the boss or superior over claimant and knew of the injury within an hour or two. It is also charged that the claimant had not been able to work from the time of the injury, and in the opinion of his physician would not be able to work until the first of December, 1936.

The claim flor compensation was filed on the 18th day of October, 1935.

Claimant further avers that he obligated himself to pay Three Hundred Dollars ($300.00) for hospital, medical and surgical bills, and that these bills should be paid by the State of Illinois, as provided by the Workmen's Compensation Act.

Claimant further alleges that while in the employ of the State of Illinois he was receiving the sum of Four Dollars ($4.00) per day, but that he has received no pay, wages or compensation since the date of the injury.

Claimant is married; is living with his wife and is the father of two children under the age of sixteen years.

Evidence was duly taken by deposition. After a hearing of all the evidence, the Attorney General moved to dismiss the claim on the ground that claimant was not in the employ of the State at the time of his injury.

This accident occurred some time between eight and nine o'clock in the forenoon, south of Shelbyville, Illinois, on the morning of June 3, 1935. Clyde Van Meter, who owned a truck, and who was working on this job of hauling gravel, made one trip that morning. The gravel was obtained on the north side of Shelbyville and the improvement was being made on the east side of Shelbyville. Claimant testified that Van Meter stopped him on the morning in question and asked

him if he wanted a job. Claimant said he did and Van Meter told him to jump in the truck. The truck at that time was loaded with gravel. Van Meter told claimant to dump the load and go out to the pit and finish the job. Claimant got on the truck and drove to the gravel pit. While dumping the truck, claimant's foot became injured by the body of the truck in some way pinching it with another part of the truck. Claimant had never driven this truck or any other truck belonging to Van Meter prior to this day, and never had been in the employ of the Division of Highways before this time.

The foreman on the job for the State was at the gravel pit, and the claimant saw him there, according to the evidence, but there was no conversation between them. There were six or eight trucks at the pit at that time, but the claimant did not know any of the people who were doing the hauling, according to his testimony, which was taken on March 11, 1937. Claimant further testified that he had no conversation with the foreman about wages or compensation and had not discussed it with Van Meter; that he did not know how much he was going to get or how long he would be on the job, and that he had never talked to anyone connected with the Division of Highways for the State of Illinois about driving Van Meter's truck and hauling. Claimant further testified that Van Meter had not made him an offer; that claimant was out of employment at the time and was glad to get anything; that he did not know Clay Hoskins personally and prior to his injury he had had no conversation with him; that he did not know whether Hoskins knew him or not; that he just saw Hoskins at the gravel pit that day, but had had no conversation with him; that he just drove the truck up and loaded it; that nobody said anything to him and Van Meter did not tell him to see anyone, foreman or otherwise, about the work he was doing. Claimant further testified that prior to the time of his injury he had not talked to any foreman or superintendent or engineer about driving Van Meter's truck; that he had known Van Meter for some time, and Van Meter knew he was out of work; that Van Meter just happened to meet him on the street that morning as he drove through. Claimant further testified that he had never talked to any member of the Division of Highways or Public Works and Buildings to see that his name was on the pay roll.

Claimant further testified that after the accident Clay Hoskins came to see him while he was at the doctor's office and told him that he would do what he could for him, and that he would get compensation for him if he could, and did approve the doctor's and hospital bills.

An intervening petition has been filed in this case by both Dr. Mauzey and the Shelby County Memorial Hospital. Within a day or two after the accident in question the doctor received notification that Bishop was not an employee of the State, but nowhere in the record does it appear that the hospital ever was so advised and the hospital did render all necessary services. We, therefore, feel that their bill should be allowed. An award therefore is made upon the intervening petition to this hospital for the full amount of their bill, which is the sum of Thirty-four ($34.00) Dollars. We feel the bill is reasonable, the services were rendered, and therefore make an award to the Shelby County Memorial Hospital in said sum of Thirty-four ($34.00) Dollars. An award to Robert Bishop and Dr. Mauzey is denied.

This award being subject to the provisions of an Act entitled "An Act making an Appropriation to Pay Compensation Claims to State Employees and providing for the Method of Payment Thereof" (Illinois Revised Statutes, 1939, State Bar Association Edition, Chapter 127, Pars. 180-181), and being subject also to the terms of an Act entitled "An Act making Appropriations to the Auditor of Public Accounts for the Disbursement of Certain Monies until the Expiration of the First Fiscal Quarter after the Adjournment of the next Regular Session of the General Assembly," approved July 1, 1939 (Session Laws 1939, page 117); and being, by the terms of the first mentioned Act, subject to the approval of the Governor, is hereby, if and when approval is given, made payable from the appropriation from the Road Fund in the manner provided by the foregoing Acts.